■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATHANIEL KELLY, Also Known as REGINALD JENKINS, Appellant.—Appeal by the defendant from (1) a judgment of the Supreme Court, Kings County (Egitto, J.), rendered April 28, 1986, convicting him of murder in the second degree (two counts), criminal possession of a weapon in the second degree, and escape in the first degree under indictment No. 2875/84, upon a jury verdict, and imposing sentence, and (2) a judgment of the same court (Goldstein, J.), rendered May 28, 1986,

convicting him of assault in the first degree under indictment No. 3121/85, upon his plea of guilty, and imposing sentence.

Ordered that the judgments are affirmed.

On February 11, 1984, the defendant, who was armed with a gun, robbed Frank Martin of a gold chain and medallion. The defendant then proceeded to shoot Martin in the base of the skull. The victim died as a result of the gunshot wound. Two days after the defendant was arrested for the shooting he escaped from police custody. He was, however, rearrested approximately one year later.

The majority of the defendant's contentions raised on appeal are unpreserved for appellate review since he failed to object to the alleged errors at the time of trial (CPL 470.05 [2]). In any event, we find that the defendant's contentions are without merit.

Specifically, the defendant contends that the prosecutor violated the trial court's *Sandoval* ruling when he questioned the defendant as to whether he currently had a bullet in his body as a result of an unrelated shooting incident. We find, that the fact that the defendant may have been shot on an unrelated occasion does not constitute a "prior * * * criminal, vicious [or] immoral act" on the part of the defendant so as to fall within the scope of *People v Sandoval* (34 NY2d 371, 373). We additionally note that the defendant failed to object to this evidence on the ground of relevancy at trial.

Nor is reversal of the judgment of conviction warranted on the ground that the trial court's "interested witness" charge was erroneous. Rather, the court's instruction adequately conveyed the appropriate standards to be applied and was not "unbalanced", as the defendant alleges.

We have examined the defendant's remaining contention and find it to be without merit. Mollen, P. J., Thompson, Lawrence and Eiber, JJ., concur.